IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DEAUDRA MANLEY ) | CASE NO. |
| 1506 N. West Street ) | |
| Lima, Ohio 45801 ) | JUDGE: |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT FOR DAMAGES** |
| ) | **AND REINSTATEMENT** |
| OZ MANAGEMENT GROUP INC. ) | |
| dba CUSTOMER CONTACT SERVICES ) | **JURY DEMAND ENDORSED** |
| 209 North Main Street, 8th floor ) | **HEREIN** |
| Lima, Ohio 45801 ) | |
| ) | |
| ) | |
| Defendant. ) | |

Plaintiff, DeAudra Manley, by and through undersigned counsel, as her Complaint against the Defendant, states and avers the following:

## PARTIES, JURISDICTION, & VENUE

1. Manley is a resident of the city of Lima, county of Allen, state of Ohio.

2. Oz Management Group, Inc dba Customer Contact Services ("Oz Management") is foreign-incorporated company that conducts business throughout the state.

3. The events that give rise to the claims for relief in this Complaint occurred at 209 North Main Street, 8th floor, Lima, Ohio 45801.

4. Oz Management was at all times hereinafter mentioned, Manley's employer within the meaning of R.C. § 4112.01(A)(2) and 42 U.S.C. § 2000e (Title VII of the Civil Rights Act of 1964 ("Title VII")) et seq.

5. All of the material events alleged in this Complaint occurred in Allen County, Ohio.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7. Within 300 days of the conduct alleged below, Manley dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC"), Charge No. 532-2021-01176 against Oz Management.

8. On or about March 11, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Manley regarding the Charges of Discrimination brought by Manley against Oz Management in EEOC Agency Charge No. 532-2021-01176.

9. Manley received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

10. Manley has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

11. Manley has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b) and R.C. §§ 4112.051 & 4112.052.

12. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Manley is alleging a federal law claim under Title VII.

13. This Court has supplemental jurisdiction over Manley's state law claims pursuant to 28 U.S.C. § 1367, as Manley's state law claims are so closely related to the federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

14. Personal jurisdiction is appropriate under Ohio's long-arm statute, R.C. § 2307.382(A)(1)-(3) and comports with Due Process.

## FACTS

15. Manley is a former employee of Oz Management.

16. Manley was hired by Oz Management on or around July 13, 2020.

17. Manley was hired as a Customer Service Representative ("CSR").

18. Manley is African American.

19. Manley was one of two African American CSRs.

20. Luanna Bibeau is Caucasian.

21. Bibeau was the Human Resources Manager at Oz Management.

22. Paul Briggs is Caucasian.

23. Briggs was Manley's direct manager at Oz Management.

24. In August 2020, Manley began working from home due to the Covid-19 pandemic. ("Work-from-Home Arrangement")

25. On or around September 11, 2020, Manley requested to switch shifts due to a personal matter that conflicted with her then-set schedule.

26. Oz Management fought Manley about switching shifts upon her September 11, 2020 request to switch shifts.

27. Caucasian employees were allowed to switch shifts upon request without opposition from Oz Management.

28. During her employment, Manley also requested time off from work.

29. Manley's time-off requests were all denied.

30. Time-off requests from Caucasian employees were given preferential treatment.

31. Upon information and belief, similarly situated Caucasian employees did not have all of their time-off requests denied.

32. On August 27, 2020, Manley handled a phone call in her capacity as a CSR. ("August 27, 2020 Phone Call")

33. On September 17, 2020, Manley had a meeting with Briggs. ("September 17, 2020 Meeting")

34. In the September 17, 2020 Meeting, Briggs informed Manley that Manley's behavior during the August 27, 2020 Phone Call was problematic.

35. In the September 17, 2020 Meeting, Briggs said Manley was frustrated on the August 27, 2020 Phone Call.

36. Manley was not frustrated during the August 27, 2020 Phone Call.

37. Manley's behavior was not inappropriate during the August 27, 2020 Phone Call.

38. In the September 17, 2020 Meeting, Briggs said that, due to Manley's August 27, 2020 Phone Call, Manley had to return to the office, ending the Work-from-Home Arrangement.

39. Similarly situated Caucasian employees exhibited behavior similar to or worse than that of Manley's during the August 27, 2020 Phone Call.

40. On information and belief, Caucasian employees did not have their Work-from-Home Arrangements terminated due to the quality of their phone calls.

41. On September 17, 2020, Manley emailed Bibeau complaining of discrimination based on the September 17, 2020 Meeting. ("Discrimination Complaint").

42. In the Discrimination Complaint Manley said she felt that she was being treated less favorably than her Caucasian coworkers.

43. In the Discrimination Complaint, Manley reported Caucasian coworkers were being intentionally difficult with customers.

44. In the Discrimination Complaint, Manley reported Caucasian employees were constantly late to work.

45. Oz Management disregarded Manley's Discrimination Complaint.

46. On or about September 18, 2020, Manley had a phone meeting with Bibeau. ("September 18, 2020 Phone Meeting")

4

47. During the September 18, 2020 Phone Meeting, Manley's employment was terminated.

48. During the September 18, 2020 Phone Meeting, Manley was informed the reason for her termination was that she was "combative" and "not meeting expectations."

49. On information and belief, similarly situated Caucasian employees have used swear words when speaking with customers.

50. Upon information and belief, similarly situated Caucasian employees were not terminated for using swear words when speaking customers.

51. Upon information and belief, Oz Management has a progressive disciplinary policy,

52. Upon information and belief, Oz Management's disciplinary policy calls for escalating levels of discipline for infractions, beginning with a verbal warning, followed by a written warning, and ultimately leading up to termination.

53. Manley did not receive a verbal warning.

54. Manley did not receive a written warning.

55. Manley did not receive a second written warning.

56. By terminating Manley, Oz Management violated its own progressive discipline policy.

57. Oz Management's purported reason for Manley's termination is pretext for race discrimination.

58. On or about September 18, 2020, Manley was actually terminated in retaliation for her Discrimination Complaint.

59. Upon information and belief, Oz Management permitted similarly-situated, Caucasian employees to retain their employment despite having performances that were similar to or worse than Manley's.

60. Oz Management did not proffer a legitimate non-discriminatory reason for terminating Manley.

61. The above facts demonstrate that Oz Management engaged in a pattern and practice of race discrimination.

62. The above facts demonstrate that Oz Management engaged in a pattern and practice of unlawful retaliation.

63. There was a causal connection between Manley's race and Oz Management's termination of Manley.

## **COUNT I: RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.02**

64. Manley restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

65. Throughout her employment, Manley was fully competent to perform her essential job duties.

66. Oz Management treated Manley less favorably than other similarly situated employees based on her race.

67. Defendants violated R.C. § 4112.02(A) by discriminating against Manley due to her race.

68. On or about September 18, 2020, Oz Management terminated Manley without just cause.

69. At all times material herein, similarly situated non-African-American employees were not terminated without just cause.

70. Oz Management terminated Manley based on her race.

71. Oz Management violated R.C. § 4112.02(A). when it terminated Manley based on her race.

72. As a direct and proximate result of Defendants' conduct, Manley has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT II: RACE DISCRIMINATION IN VIOLATION OF TITLE VII

73. Manley restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

74. Manley is African-American, and thus is in a protected class for her race.

75. Title VII provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's race.

76. Oz Management treated Manley less favorably than other similarly situated employees based upon her race.

77. Oz Management violated Title VII by treating Manley less favorably from other similarly situated employees outside her protected class.

78. Oz Management violated Title VII by applying its employment policies in a disparate manner based on Manley's race.

79. Oz Management violated Title VII by applying its disciplinary policies in a disparate manner based on Manley's race.

80. As a direct and proximate result of Defendant's acts and omissions Manley based upon race discrimination, Manley has suffered and will continue to suffer damages.

## COUNT III: RETALIATION IN VIOLATION OF R.C. § 4112.02(I)

81. Manley restates each and every prior paragraph of this complaint, as if it were fully restated herein.

82. As a result of the Defendant's discriminatory conduct described above, Manley complained about the discrimination she was experiencing.

83. The day after reporting of racial discrimination to her supervisor and employer, Manley was terminated.

7

84. Oz Management's actions were retaliatory in nature based on Manley 's opposition to the unlawful discriminatory conduct.

85. Under R.C. § 4112.02(I), it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

86. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Manley, she suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT IV: RETALIATION IN VIOLATION OF TITLE VII

87. Manley restates each and every prior paragraph of this complaint, as if it were fully restated herein.

88. As a result of the Defendant's discriminatory conduct described above, Manley complained about the discrimination she was experiencing.

89. The day after reporting of racial discrimination to her supervisor and employer, Manley was terminated.

90. Oz Management's actions were retaliatory in nature based on Manley 's opposition to the unlawful discriminatory conduct.

91. Under Title VII, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

92. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Manley, she suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Manley demands the following:

(a) That the Court issue an order requiring Oz Management to restore Manley to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Oz Management of compensatory and monetary damages to compensate Manley for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Oz Management in an amount in excess of $25,000;

(d) An award of reasonable attorneys fees and non-taxable costs for Manley's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

  /s/ Rocco J. Screnci_____
Rocco J. Screnci (0100333)
**SPITZ THE EMPLOYEE'S LAW FIRM**
25825 Science Park Dr., Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email: rocco.screnci@spitzlawfirm.com

*Attorney For Plaintiff*

## **JURY DEMAND**

Plaintiff DeAudra Manley demands a trial by jury by the maximum number of jurors permitted.

                                                   /s/ Rocco J. Screnci
                                                   Rocco J. Screnci (0100333)